

FILED
AUG - 1 2008
CLERK, U.S DISTRICT COURT
RICHMOND, VA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**WILMER JEROME KNIGHT,**

    Petitioner,

v.                                         Civil Action No. **3:07CV634**

**DAVID B. EVERETT,**

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that, *inter alia*, the petition is barred by the one-year statute of limitations governing federal habeas petitions. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

On September 30, 1992, Petitioner was convicted by a jury in the Circuit Court of the City of Richmond ("Circuit Court") of possession of cocaine, possession of a firearm while in possession of cocaine, possession of heroin, possession of a firearm while in possession of heroin,[1] and possession of a firearm after having been convicted of a felony. On October 20, 1992, the Circuit Court sentenced Petitioner to a total active sentence of thirty years imprisonment. *Commonwealth v. Knight*, Case Nos. 92-947-F through 92-949-F, Order (Va. Cir. Oct. 20, 1992). Petitioner subsequently appealed his convictions. The Supreme Court of

---

[1] The Circuit Court vacated the jury's conviction for possession of a firearm while in possession of heroin.

Virginia refused his petition for appeal on August 4, 1994. *Knight v. Commonwealth*, Record No. 940746, Order (Va. Aug. 4, 1994).

On June 16, 2007, Petitioner filed a "Writ of Actual Innocence" in the Court of Appeals of Virginia contesting his 1992 convictions. On July 18, 2007, the Court of Appeals summarily dismissed the petition *sua sponte* because Petitioner had failed to "assert the existence of evidence that 'was previously unknown or unavailable,'" and instead, relied on evidence that had been known to his attorney at trial. *Knight v. Commonwealth*, Record No. 1421-07-2, Order (Va. Ct. App. July 18, 2007) (*quoting* Va. Code § 19.2-327.11(A)(iv)). On August 10, 2007, Petitioner filed a petition for a writ of habeas corpus in the Supreme Court of Virginia. On September 14, 2007, the Supreme Court of Virginia dismissed the petition *sua sponte* on statute of limitations grounds pursuant to Virginia Code § 8.01-654(A)(2).[2] *Knight v. Warden of Sussex II State Prison*, Record No. 071687, Order (Va. Sept. 14, 2007). Petitioner then filed a petition for a writ of habeas corpus in the Circuit Court, which the Circuit Court dismissed *sua sponte* as barred by the statute of limitations pursuant to Virginia Code § 8.01-654(A)(2). Thereafter, Petitioner filed his present § 2254 petition.

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Respondent contends that Petitioner's claims are time-barred under the federal statute of limitations. Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition

---

[2] That statute provides, in pertinent part, that "[a] habeas corpus petition attacking a criminal conviction or sentence . . . shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal has expired, whichever is later." Va. Code Ann. §8.01-654(A)(2) (2007).

for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>     (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

For prisoners, like Petitioner, "whose convictions became final before the AEDPA was enacted, the one-year limitations period began to run on the AEDPA's effective date, and thus, they had until April 24, 1997, absent tolling, to file their federal habeas petitions." *Rouse v. Lee*, 339 F.3d 238, 243 (4th Cir. 2003) (*citing Hernandez v. Caldwell*, 225 F.3d 435, 438-39 (4th Cir. 2000)). Petitioner did not file any petition for a writ of habeas corpus, state or federal, by that

date.[3] Because Petitioner has not demonstrated any grounds for equitable tolling of the limitation period, *see, e.g., United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004), or that one of the later commencement dates for the limitation period applies, *see* 28 U.S.C. § 2244(d)(1)(B)-(D), the petition must be denied as untimely.

## IV. CONCLUSION

For the foregoing reasons, Respondent's motion to dismiss (Docket No. 13) will be GRANTED. Petitioner's petition for relief under 28 U.S.C. § 2254 will be DENIED, and the action will be DISMISSED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
James R. Spencer
Chief United States District Judge

Date: 7-31-08
Richmond, Virginia

---

[3] The one-year federal period of limitations had already run by the time Petitioner filed his state petitions for collateral relief. Therefore, the state petitions for collateral relief did not serve to toll the limitations period under 28 U.S.C. § 2244(d)(2). *See Minter v. Beck*, 230 F.3d 663, 665-66 (4th Cir. 2000).

4